```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MCLARTY CAPITAL PARTNERS SBIC, L.P., on :
its own behalf and in its capacity as   :
Agent for Caleura Limited,              :       18cv2599(DLC)
                                        :
                   Plaintiffs,          :       MEMORANDUM OPINION
                                        :            & ORDER
             -v-                        :
                                        :
STEVEN BRAZDA and SETH MERCANTEL,       :
                                        :
                   Defendants.          :
                                        :
----------------------------------------X
```

APPEARANCES

For the plaintiffs:
Frank T. Spano
Polsinelli, PC
600 Third Avenue, 42nd Floor
New York, New York 10016

For the defendants:
Christopher M. Rodriguez
Wilson Elser Moskowitz Edelman & Dicker, LLP
150 East 42nd Street
New York, New York 10017

Kent M. Adams
Two Houston Center
909 Fannin Street, Suite 3300
Houston, Texas 77010

DENISE COTE, District Judge:

Defendants Steven Brazda and Seth Mercantel move to transfer this action to the United States District Court for the Western District of Louisiana, Lafayette Division. Plaintiff McLarty Capital Partners SBIC, L.P. ("McLarty") moves to remand

the action to the New York State Supreme Court, New York County. For the following reasons, the motion to transfer is denied and the motion to remand is granted.

**Background**

The following facts regarding the underlying transaction are as alleged in the complaint and are taken from documents integral to the complaint. The descriptions of those facts relevant only to the motion to transfer are taken from the parties' submissions in connection with the motion to transfer.

Plaintiff McLarty Capital Partners SBIC, L.P. ("McLarty") is a Delaware limited partnership with an office located in New York, New York. Its members are citizens of New York, Arkansas, Alabama, and Connecticut. McLarty acted, in the transaction underlying this dispute, as an agent and co-lender for Caleura Limited ("Caleura"). McLarty lent money to Deepcor Marine, Inc. ("Deepcor"), a now-defunct commercial diving company headquartered in Broussard, Louisiana, that provided diving services, primarily on the Gulf Coast, to customers in the oil and gas industry from June 2014 to December 2016. Defendants Steven Brazda and Seth Mercantel are citizens of Louisiana who worked for Deepcor. Brazda was its President and CEO; Mercantel was its Vice President of Finance.

In June 2014, Deepcor entered into a loan agreement (the

2

"Original Loan") with McLarty for $12,400,000. Within a few months, Deepcor was in default. In November 2014, the defendants travelled to New York for two meetings with McLarty, where the defendants presented market information, the value of Deepcor's assets and accounts receivable, and projections of the company's future performance.

When Deepcor failed to comply with the minimum liquidity requirement of the Original Loan for the second time, in March 2015, Brazda requested a "revolving credit facility to solve its cash flow problems." Relying on the information provided by Brazda and Mercantel during the November 2014 meetings, McLarty, on April 24, 2015, entered into an Amended Loan and Security Agreement with Deepcor (the "Amended Loan"), a modified version of the Original Loan. The Amended Loan Agreement contained the following forum selection clause:

> 14.8 **CHOICE OF LAW; VENUE.** THE VALIDITY, INTERPRETATION AND ENFORCEMENT OF THIS AGREEMENT AND THE OTHER LOAN DOCUMENTS SHALL BE GOVERNED BY THE LAWS OF THE STATE OF NEW YORK WITHOUT REFERENCE TO CONFLICTS EXCEPT TO THE EXTENT THAT ANY OTHER LOAN DOCUMENT INCLUDES AN EXPRESS ELECTION TO BE GOVERNED BY THE LAWS OF ANOTHER JURISDICTION. EACH BORROWER AND AGENT HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN NEW YORK, NEW YORK AND IRREVOCABLY AGREES THAT, SUBJECT TO AGENT'S ELECTION, ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE OTHER LOAN DOCUMENTS SHALL BE LITIGATED IN SUCH COURTS.

Brazda signed the Amended Loan Agreement as President of Deepcor. The "borrower" and "agent" are defined in the Amended

Loan Agreement as Deepcor and McLarty, respectively.  By June
30, 2015, Deepcor defaulted on the Amended Loan.

The defendants attended two additional meetings with
McLarty in New York in 2014, on May 27 and December 3.  Shortly
after the December 3 meeting, McLarty entered into another loan
agreement with Deepcor that increased the loan commitment to
$15,000,000 (the "New Loan").  Deepcor defaulted on the New Loan
in March 2016.

Throughout this time, Brazda and Mercantel served as
McLarty's primary contacts at Deepcor, providing McLarty with
ongoing reports on the company's financial health from Deepcor's
office in Broussard, Louisiana.  McLarty claims that these
reports, along with several statements regarding Deepcor's
accounts receivable and the value of its assets, materially
misrepresented Deepcor's business and induced McLarty to loan
money to Deepcor.

Both Brazda and Mercantel live and work in Louisiana and
claim to lack the resources to litigate in New York.  The
defendants have listed a number of Louisiana-based individuals
they contend will likely be called as witnesses in this case,
including former employees of Deepcor, a representative from an
equipment appraiser, and former Deepcor customers.  The location
of relevant documents and sources of proof is in dispute.
Defendants claim that all relevant documents and sources of

4

proof are located in a storage unit in Louisiana, while McLarty asserts that this evidence "is all in New York or under McLarty's control."

On February 20, 2018, McLarty sued the defendants in New York state court, in their individual capacities, alleging fraud, aiding and abetting, and negligent misrepresentation and seeking damages in excess of $3,000,000. On March 23, the action was timely removed to federal court on the basis of diversity jurisdiction. The defendants moved on March 30 to transfer the case to the Western District of Louisiana, Lafayette Division, under 28 U.S.C § 1404(a). McLarty opposes the transfer motion and moved on April 23 to remand the action back to state court pursuant to the forum selection clause in the Amended Loan Agreement. The motion to transfer became fully submitted on May 2, and the motion to remand became fully submitted on May 14.

## Discussion

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause" unless "extraordinary circumstances unrelated to the convenience of the parties" exist. Atl. Marine Constr. Co. v. U.S. Dist. Court, 571 U.S. 49, 62 (2013). "[T]he fact a party is a non-signatory to an

5

agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause." Aguas Lenders Recovery Grp. v. Suez, S.A., 585 F.3d 696, 701 (2d Cir. 2009). The Second Circuit has held that a non-signatory "may enforce [a] forum selection close against a signatory when the non-signatory is closely related to another signatory." Magi XXI, Inc. v. Stato della Citta del Vaticano, 714 F.3d 714, 723 (2d Cir. 2013) (citation omitted). It has not yet resolved, however, the extent to which a signatory may enforce a forum selection clause against a non-signatory when the non-signatory is not a successor in interest of a signatory. See id. at 723 n.10. Other Circuits have enforced a forum selection clause against a non-signatory where the non-signatory is closely related to the signatory. See, e.g., Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir. 2001) (A shareholder, officer, and director); Hugel v. Corp. of Llyod's, 999 F.2d 206, 209-10 (7th Cir. 1993) (President of two signatory companies, chairman of each signatory's board, and owner of 99% of each signatory). The closely-related test looks at the "the relationship between the non-signatory and [the] signatory" to determine whether they are "sufficiently close that . . . enforcement of the forum selection clause is foreseeable." Magi XXI, 714 F.3d at 723 (citation omitted).

"Parties are free to bind themselves to forum selection

6

clauses that trump what would otherwise be a right to remove cases to federal courts." Yakin v. Tyler Hill Corp., 566 F.3d 72, 76 (2d Cir. 2009). "[T]he meaning of a forum selection clause is a matter of contract interpretation." Id. at 75. A forum selection clause that uses "mandatory rather than permissive" language indicates that the parties "intend[ed] to make jurisdiction exclusive." John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distributors Inc., 22 F.3d 51, 52-53 (2d Cir. 1994) (citation omitted). A court may remand an action even where diversity jurisdiction exists if a forum selection clause exclusively authorizes suit in state court. See Karl Koch Erecting Co. v. N.Y. Convention Ctr. Dev. Corp., 838 F.2d 656, 659 (2d Cir. 1988).

The forum selection clause in the Amended Loan Agreement is enforceable against Brazda and Mercantel because the defendants are closely related to the signatory, Deepcor, and McLarty's claims against both defendants arise out of a series of transactions that include the Amended Loan Agreement, which contains the forum selection clause. Brazda and Mercantel were both officers of Deepcor, and Brazda signed the agreement containing the forum selection clause on Deepcor's behalf. Moreover, McLarty alleges that the defendants made misrepresentations to McLarty in order to obtain the loans governed by the document in which the forum selection clause is

7

found.  In light of these circumstances, it was foreseeable to Brazda and Mercantel that they could be sued in New York for claims arising out of the loan agreements they procured, allegedly through misrepresentations, on Deepcor's behalf. Accordingly, the Court will enforce the forum selection clause and deny the defendants' motion to transfer.

The parties have also addressed at length in their motion papers the private and public factors a court must weigh in evaluating a § 1404 transfer motion.  See, e.g., N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010).  If it were necessary to reach such factors, the defendants have failed to carry their burden to show that these factors outweigh the significant deference to which the plaintiff's choice of a New York forum is entitled in this action.  See Atl. Marine, 571 U.S. at 62 n.6.  Indeed, the defendants have not argued that McLarty's selection of a New York forum was motivated by forum shopping or another improper motive.  See Iragorri v. United Tech. Corp., 274 F.3d 65, 71-72 (2d Cir. 2001) (discussing, in related forum non conveniens context, that deference is owed to plaintiff's choice of forum where the "choice of forum has been dictated by reasons that the law recognizes as valid").

The forum selection clause in the Amended Loan Agreement

provides as follows:[1]

> Each borrower and agent hereby consents to the
> jurisdiction of any state or federal court located
> within New York, New York and irrevocably agrees that,
> subject to agent's election, all actions or
> proceedings arising out of or relating to this
> agreement or the other loan documents shall be
> litigated in such courts.

The clause "subject to agent's election" unambiguously allows the "agent," defined in the Amended Loan Agreement as McLarty, to select a New York venue for any dispute governed by the clause. McLarty filed this action in New York state court, and the defendants do not suggest that, in the event the forum selection clause is enforceable against them, this case should not be remanded. As a result, McLarty's motion to remand is granted.

## Conclusion

The defendants' March 30 motion to transfer is denied. McLarty's April 23 motion to remand the action to state court is

---

[1] Through this clause, Deepcor also consented to jurisdiction in New York. The defendants have not moved to dismiss for lack of personal jurisdiction over them.

granted. The Clerk of Court is directed to remand the action to the New York State Supreme Court, County of New York.

SO ORDERED:

Dated: New York, New York
June 20, 2018

_____
DENISE COTE
United States District Judge